In the Matter of Harold James WHITE, Jr., Bankrupt.

No. 66–BK–1557.

United States District Court
N. D. New York.

April 26, 1967.

Coulter, Fraser, Carr, Ames & Bolton, Syracuse, N. Y., for petitioner, Henry S. Fraser, Syracuse, N. Y., of counsel.

Costello, Cooney & Fearon, Syracuse, N. Y., for respondent, trustee, Warren V. Blasland, Syracuse, N. Y., of counsel.

### PETITION TO REVIEW ORDER OF REFEREE

### MEMORANDUM DECISION AND ORDER

BRENNAN, District Judge.

This review involves only the interpretation and application of Section 9–103(3) and (4) of the Uniform Commercial Code effective in the State of New York on September 27, 1964. The problem was submitted to the Referee pursuant to a stipulation of facts which is summarized below.

On October 1, 1965 Harold J. White, the bankrupt, then a member of the military forces, and his wife purchased from the Shore Trailer Sales a 1965 Conner Mobile Home motor vehicle. The purchasers were at that time domiciled in the State of Virginia and the place of business of the seller was likewise located within that state. As a part of the transaction, the buyers executed a contract of conditional sale as security for the major portion of the purchase price of the vehicle. The contract was assigned on the same date to the Philadelphia National Bank and thereafter a Certificate of Title was issued by the Virginia Motor Vehicle Bureau showing on its face that Mr. and Mrs. White were the registered owners of said vehicle and showing the conditional sale contract as a recorded lien against same held by the Bank. It is stipulated that the lien of the Bank was properly perfected under the applicable laws of the State of Virginia. On February 7, 1966 the mobile home was moved to Onondaga County, New York, where the bankrupt and his wife occupied same until at least the time of the filing of a voluntary petition in bankruptcy. This occupancy was interrupted to the knowledge of the Bank, insofar as the bankrupt was concerned, from March 1, 1966 to July 22, 1966 when the bankrupt was stationed elsewhere under military orders. On or about July 29, 1966 the Bank was notified by the bankrupt that the mobile home involved was situated in Onondaga County, New York. Although not expressly stipulated, it is conceded that the Bank failed to file evidence of its conditional contract lien at any time or at any place within the State of New York. Upon his voluntary petition, Harold J. White was adjudicated a bankrupt in this district on August 19, 1966.

In the course of the administration of the estate, the trustee claimed the ownership of the interest of the bankrupt in the mobile home, referred to above, free from the lien of the Bank. The controversy, thus arising, came before the Referee for decision through the medium of a reclamation proceeding instituted by the Bank. The Referee made his decision on January 18, 1967 consisting of findings of fact and conclusions of law which in effect determined that the trustee held a superior title to the vehicle in question as against the Bank by reason of its failure to refile its security instrument in the State of New York within four months after February 7, 1966 as required by Section 9–103(3) of the Uniform Commercial Code. An order, dated January 24, 1967, to the above effect which denied the relief requested in the reclamation proceeding followed and this petition to review challenges the validity thereof.

Concisely stated, it is the contention of the Bank here on this review that the Referee was in error in applying the provisions of Section 9–103(3) of the Uniform Commercial Code to the factual background and that same is controlled by subdivision (4) of the said section. It follows that the decision here will rest upon the interpretation and the application of the two provisions referred to. Both litigants seem to agree that there is no judicial precedent which is controlling here.

Subdivision (3), upon which the Referee based his decision, is not in dispute. The pertinent part of the section involved plainly provides that where the security interest has been perfected in a state other than New York and the property involved was thereafter brought into this state, such security interest continues to be perfected in New York for four months. Its status is thereafter continued if, within that period, it is perfected within the state by filing as required by law. Unless subdivision (4) of the section is applicable, then the Referee's decision is correct.

We turn to that subdivision. We first note the language of subsection (4) and same is quoted below.

"(4) Notwithstanding subsections (2) and (3), if personal property is covered by a certificate of title issued under a statute of this state or any other jurisdiction which requires indication on a certificate of title of any security interest in the property as a condition of perfection, then the perfection is governed by the law of the jurisdiction which issued the certificate."

That the above language lacks the clarity desirable in a statute may well be admitted. The criticism thereof, expressed in Bender's Uniform Commercial Code Service in the volume entitled Reporter-Digest Case Annotations at page 2–928 may, at least in part, be justified. This does not however relieve this court from its obligation to construe and apply same in accordance with the intent of the statute. In the absence of judicial precedent,

we turn to the Official Comments and Annotations found in the volume of McKinney's Consolidated Laws of New York and following the section in question. Certain quotations, taken therefrom, are set out below.

"Where property is covered by a certificate of title, the governing rule is stated in subsection (4) of this section". (Page 339)

"If the property is covered by a certificate of title, subsection (4) applies." (Page 341)

"(4) This rule is new and is designed to give effect to certificate of title laws requiring compliance therewith to perfect security interests." (Page 345)

"Subsection (4) is new and avoids the possible necessity of duplicating perfection in the case of vehicles subject to a certificate of title law requiring compliance therewith to perfect security interests. The certificate of title law requirements are adopted as the test for perfection." (Page 346)

It appears to be without purpose to examine other sections which may be urged as affording a clue as to the purpose of the subsection under discussion. Without doubt, either subdivision (3) or (4) is controlling. This statement is confirmed by the provisions of section 9–401(4) to the effect that if collateral is brought into this state from another jurisdiction, the provisions of section 9–103 determine whether filing is necessary in this state. This court is impressed that subdivision (4), now under discussion, overrides the provisions of subsection (3) upon which the Referee relied.

The opening language of subsection (4) indicates an intent to provide that where a security interest in personal property is perfected by indication of same upon a certificate of title as required by the statute of another jurisdiction, the provisions of subsection (3) are not applicable. These circumstances or background facts exist here. Since it is stipulated that the security lien was properly perfected under the laws of Vir-

ginia, any further attack upon such perfection in any jurisdiction must be based upon the law of that state. No such attack is made here and the filing provisions of subsection (3) are not applicable. Unless construed as above, subsection (4) would have little or no meaning. "There is a presumption against a construction which would render a statute ineffective or inefficient * * *". Bird v. United States, 187 U.S. 118 at 124, 23 S.Ct. 42, 44, 47 L.Ed. 100.

The stipulated facts herein are hereby adopted as the findings of this court and it is concluded that the prayer of the petition to review should be granted. It is further concluded that the order of the Referee, dated January 24, 1967, should be and is vacated; that in accordance with the prayer of the petitioner in the reclamation proceeding, the Philadelphia National Bank is entitled to the immediate possession of the 1965 Conner Mobile Home, Serial No. 5610–N3–FK–724, or of the bankrupt's interest therein, and it is

Ordered accordingly.