**In the Matter of Larry Eugene SMITH.**
**No. 68–BK–62–C.**

United States District Court,
W. D. Virginia,
Abingdon Division.

April 15, 1970.

A. James Kauffman, Taylor, Hazen, Bryant & Kauffman, Richmond, Va., for petitioner.

Robert M. Callahan, M. Clifton Mc-Clure, Charlottesville, Va., for trustee.

## OPINION

WIDENER, District Judge.

This matter is here on the petition for review of Commercial Credit Corporation, a creditor of Larry Eugene Smith, bankrupt. The creditor is aggrieved by a ruling of the Referee rejecting its petition for reclamation of security. The mobile home in question has been sold with the proceeds held by the court, so the question is over the right to the fund so held.

The Referee held that the Trustee of the bankrupt, pursuant to Section 70, Bankruptcy Act, 11 U.S.C. 110, was entitled to the fund free of the creditor's West Virginia lien because the lien was not perfected on a Virginia title. The issue involves interpretation of certain provisions of the Uniform Commercial Code as enacted in Virginia, Va. Code of 1950, Title 8, 9.

The findings of fact of the Referee are not disputed. Bankrupt, while a resident of West Virginia, purchased a mobile home on April 4, 1968, in Elkins, West Virginia, the vendor's place of business. A security agreement was executed for the payment of purchase money; it was subsequently assigned to Commercial Credit Corporation located in Clarksburg, West Virginia. After the assignment, a certificate of title on the mobile home was issued by West Virginia with the creditor's lien indicated on the face of the title. By statute, West Virginia requires a certificate of title on mobile homes, and a lien thereon can be perfected only by indication thereof on the face of the certificate of title. It is admitted that there was proper perfection of the lien under the law of West Virginia. Approximately thirty days after purchase, the bankrupt moved the house trailer to Virginia and established his residence here. The

creditor knew of the bankrupt's change of residence. On November 14, 1968, the bankrupt filed his voluntary petition in bankruptcy in this court.

Virginia is a title certificate state, as is West Virginia, and its law requires a title certificate for house trailers or mobile homes, Va. Code of 1950, § 46.1–41 et seq. Perfection of a lien on a mobile home can only be accomplished by indication of same on the face of the certificate of title.

The Trustee relies upon the following provision of § 8.9–302 of the Virginia Code:

"§ 8.9–302. *When filing is required to perfect security interest: security interests to which filing provisions of this title do not apply.*—(1) A financing statement must be filed to perfect all security interests except the following:

\* \* \* \* \* \* \*

"(3) The filing provisions of this title do not apply to a security interest in property subject to a statute

"(a) \* \* \*

"(b) \* \* \* of this State which provides for central filing of, or which requires indication on a certificate of title of, such security interest in such property.

"(4) a security interest in property covered by a statute described in subsection (3) can be perfected only \* \* \* by indication of the security interest on a certificate of title or a duplicate thereof by a public official."

The creditor relies upon the following provisions of § 8.9–103 of the Virginia Code:

"§ 8.9–103. *Accounts, contract rights, general intangibles and equipment relating to another jurisdiction; and incoming goods already subject to security interest.*—

\* \* \* \* \* \* \*

"(4) \* \* \* if personal property is covered by a certificate of title issued under a statute of this State or any other jurisdiction which requires indication on a certificate of title of any security interest in the property as a condition of perfection, then the perfection is governed by the law of the jurisdiction which issued the certificate."

The court agrees with the creditor's contention for the reasons hereinafter set forth.

§ 8.9–102, Virginia Code, states:

"§ 8.9–102. *Policy and scope of title.*—

"(1) Except as otherwise provided in § 8.9–103 on multiple state transactions · \* \* \*, this title applies so far as concerns any personal property and fixtures within the jurisdiction of this State.

"(a) to any transaction (regardless of its form) which is intended to create a security interest in personal property \* \* \*."

From the official comment following § 8.9–102, we find: "The purpose of this section is to bring all consensual security interests in personal property and fixtures, *with the exception of certain types of transactions excluded by Sections 9–103 and 9–104*, under this Article." (Italics supplied) Note the conjunctive *and* is used, not the disjunctive *or*.

\* \* \* \* \* \* \*

"Section [8.9]–103 states *special rules* relating to the applicability · of this Article [Title 8.9] *where the collateral consists of* \* \* \* *property brought into this state subject to security interest which attached in another jurisdiction.*" (Italics added)

It appears that § 8.9–302 relied on by the Trustee contemplates a Virginia certificate of title, not a foreign certificate, excluded by the provisions of § 8.9–103; otherwise, the provisions of § 8.9–102, § 8.9–103, and § 8.9–302 are in conflict. More precisely, the scope and policy of Title 8.9 is stated in § 8.9–102; and certain multiple state and other transactions are excepted by §§ 8.9–103 and 8.-9–104 from the remaining provisions of Title 8.9. Once these exceptions are tak-

en into account, there need be no conflict between § 8.9–103 and § 8.9–302. The rule of statutory construction which must apply here has been stated in Market Co. v. Hoffman, 101 U.S. 112, 115, 25 L.Ed. 782 (1879):

"We are not at liberty to construe any statute so as to deny effect to any part of its language. It is a cardinal rule of statutory construction that significance and effect shall, if possible, be accorded to every word. As early as in Bacon's Abridgment, sect. 2, it was said that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.' This rule has been repeated innumerable times. Another rule equally recognized is that every part of a statute must be construed in connection with the whole, so as to make all the parts harmonize, if possible, and give meaning to each."

This interpretation is further strengthened by the provisions of § 8.9–401:

§ 8.9–401. *Place of filing: erroneous filing: removal of collateral.—*

\* \* \* \* \* \*

(4) If collateral is brought into this State from another jurisdiction, the rules stated in § 8.9–103 determine whether filing is necessary in this State."

It will be noted that there is a general exclusion of the situations set forth in § 8.9–103 from the remaining provisions of Title 8.9. Also to be considered is the official comment to § 8.9–103.

"3. \* \* \* [§ 8.9–302(3)] should be consulted for certain transactions as to which the filing provisions of this Article do not apply. *Where property is covered by a certificate of title, the governing rule is stated in subsection (4) [§ 8.9–103(4)] of this section.*"

\* \* \* \* \* \*

"7. Collateral other than accounts, contract rights, general intangibles, and mobile equipment [§ 8.9–103(2)] may be brought into this state subject to a security interest which has attached and may have been perfected under the laws of another jurisdiction. *If the property is covered by a certificate of title, subsection (4) [§ 8.9–103(4)] applies."* (Italics added)

The petitioner relies on In re White, 266 F.Supp. 863 (N.D.N.Y.1967). In that case, bankrupt bought a mobile home in Virginia; had the title certificate issued in Virginia showing a lien on the face of the certificate; moved to New York; and filed his voluntary petition in bankruptcy. New York did not require the lien to be shown on the face of a title certificate for mobile homes. The lien was not recorded in New York in any manner.

The decision of the court there was that New York § 9–103(4), which is identical to Virginia § 8.9–103(4), controlled the recording in New York; that no filing was required under New York § 9–103(3) [Virginia § 8.9–103(3)]; and the creditor was held to have a superior lien to the Trustee.

This case was considered by the Referee and rejected as not persuasive. With this the court cannot agree.

No reason has been advanced as to why Virginia Code § 8.9–103(4) is not equally capable of avoiding the necessity for recording a foreign valid lien on a certificate of title under the Virginia motor vehicle statute as under § 8.9–103(3) of the Virginia Uniform Commercial Code.

*White* is made all the more persuasive, despite the fact that New York is not a title state, when it is considered that Virginia Code of 1950, §§ 8.9–103(4) and 8.9–302(3) and (4), are identical with New York §§ 9–103(4) and 9–302(3) and (4).

To summarize. The decision of the Referee, for all practical purposes, makes Virginia Code § 8.9–103(4) a nullity. In the opinion of the court, such is not the proper construction of the statute. So far as C. I. T. Corporation v. W. J. Crosby & Co., 175 Va. 16, 7

S.E.2d 107 (1940), may be relied upon by the Trustee as authority that out of state motor vehicles moved into Virginia must be titled here to give effect to valid liens from the state of transfer, it is the opinion of the court that it is subject to the later enactment of the Uniform Commercial Code in Virginia in 1964 with its effective date of 1966.

An order is this day entered remanding the case to the Referee with directions to turn over the fund in question to the petitioner after deducting such costs, if any, as may be properly chargeable against it.

This 15th day of April, 1970.