**Robert M. CALLAGHAN, Trustee,
Appellant,**

v.

**COMMERCIAL CREDIT CORPORA-
TION, Appellee.**

**No. 14801.**

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 2, 1971.

Decided Feb. 9, 1971.

M. Clifton McClure, Charlottesville, Va. (McClure & Callaghan, Charlottesville, Va., on brief) for appellant.

A. James Kauffman, Richmond, Va. (Taylor, Hazen, Bryant & Kauffman, Richmond, Va., on brief) for appellee.

Before BRYAN and BUTZNER, Circuit Judges, and MILLER, District Judge.

PER CURIAM:

The trustee in bankruptcy of Larry Eugene Smith attacked the validity of a lien of the Commercial Credit Corporation upon his automobile trailer. The vehicle had been procured in April 1968 by Smith in West Virginia, where he was then resident. In payment of the purchase price he executed a security agreement, which was assigned to Commercial Credit and endorsed as a lien upon the West Virginia certificate of title evidencing Smith's ownership of the trailer. No one questions perfection of the lien under the laws of West Virginia.

The contest springs from the removal of the trailer, about thirty days after its acquisition, into Virginia, the new permanent residence of Smith. He did not obtain a title certificate for it in Virginia. Because the lien was, therefore, not shown upon a title certificate as provided by the law of Virginia, Code of 1950, §§ 46.1-41 and 46.1-69, the trustee asserted that the security agreement of Commercial Credit was not a lien

ahead of the bankrupt's general creditors.

In a painstaking exegesis of the Virginia law, the District Court demonstrated that, in the peculiar circumstances here, the State statutes, particularly § 8.9-103(4), would accord viability and primacy to the West Virginia lien in favor of Commercial Credit. With this conclusion we agree, and affirm on the strength of the District Judge's opinion, 311 F.Supp. 900 (W.D.Va.1970).

Affirmed.