263 So.2d 139

The DEPOSIT NATIONAL BANK OF MO-
BILE COUNTY, a National Bank-
ing Association

v.

CHRYSLER CREDIT CORPORATION.

I Div. 62.

Court of Civil Appeals of Alabama.

May 31, 1972.

Braxton L. Kittrell, Jr., Mobile, for ap-
pellant.

Perloff, Reid & Briskman, Mobile, for
appellee.

**162**

WRIGHT, Presiding Judge.

Suit was filed on a promissory note by The Deposit National Bank of Mobile County against Richard and Barbara Cozad. Prior to judgment the bank attached the automobile belonging to the Cozads. The automobile was replevied by claimant and appellee here, Chrysler Credit Corporation. By agreement of the bank and Chrysler the automobile was sold for the sum of $1,865.36. After judgment on the note, stipulations were filed by the bank and Chrysler on the claim of Chrysler.

The automobile was purchased by the Cozads in the State of Nevada under a conditional sales contract on August 31, 1968. The contract was assigned by the seller to Chrysler. A Nevada certificate of title was obtained by Cozad. The security interest of Chrysler was perfected under the law of Nevada by proper entry on the certificate of title. The automobile was removed from Nevada to Alabama in June of 1969. An Alabama license plate was purchased the same month.

On October 14, 1969, the Cozads executed a promissory note to The Deposit National Bank in the amount of $6,050.01. The attachment of the automobile was executed by the Sheriff of Mobile County on April 16, 1970. At the time of the attachment Chrysler had made no filing of its security interest in the automobile in Alabama.

Upon consideration of the claim of Chrysler, the court, without a jury, rendered judgment for claimant-Chrysler in the amount of $1,865.35. The bank appeals.

The only issue involved on appeal is whether the trial court was correct in its interpretation of Tit. 7A, § 9–103(3) and § 9–103(4), Code of Alabama (Uniform Commercial Code).

The pertinent part of § 9–103(3) is as follows:

"If the security interest was already perfected under the law of the jurisdiction where the property was when the security interest attached and before being brought into this state, the security interest continues perfected in this state for four months and also thereafter if within the four month period it is perfected in this state. . . ."

Sec. 9–103(4) is as follows:

"Notwithstanding subsections (2) and (3), if personal property is covered by a certificate of title issued under a statute of this state or any other jurisdiction which requires indication on a certificate of title of any security interest in the property as a condition of perfection, then the perfection is governed by the law of the jurisdiction which issued the certificate."

This statute has not previously been construed by the appellate courts of Alabama. It is well known by the commercial community that Alabama does not require the issuance of a certificate of title upon the purchase of personal property as the term is known in the Commercial Code. Alabama is not a "title" state. Nevada is a "title" state and requires that upon a sale of an automobile a certificate of title thereon be issued.—It further requires that any security interest in the automobile be perfected by recording the same on the certificate of title. Such recording on the certificate perfects the security interest without further action or recording.

Sec. 9–103(3) serves to generally allow a four month grace period to one having a security interest in personal property brought into this state before such interest has to be perfected in this state. After the expiration of four months from date of entry, unless perfected by recording in the proper central recording place, such securi-

ty interest loses its priority in relation to others perfected.

 Sec. 9–103(4) unequivocally removes application of Sec. 9–103(3) to any personal property covered by a certificate of title issued under a statute of any state which requires indication on a certificate of title of any security interest as a condition of perfection. In other words, one who has a security interest in personal property, perfected in a state which requires the issuance of a certificate of title on such property and the listing thereon of a security interest as a condition of perfection, does not have to protect such security interest by any further action in a state to which the property may thereafter be removed.

Appellant, though unsupported by any authority, contends that because the automobile was registered in Alabama through the purchase of a license tag, the four months for perfection of the lien in Alabama should begin from the date of such registration. It is stated by appellant that such change in Sec. 9–103(4) is suggested by the Review Committee of the Editorial Board of the Uniform Commercial Code. Such revision may be in order but it is not now the law.

Though Sec. 9–103(4) has not previously been considered in this state, it has been in several other jurisdictions, primarily the federal courts. These jurisdictions have unanimously upheld the literal construction of the statute. General Motors Acceptance Corp. v. Whisnant, 5 Cir., 387 F.2d 774; In re White, D.C., 266 F.Supp. 863; In re Smith, D.C., 311 F.Supp. 900. We are in agreement with the statement of the court in In re White, supra, which is as follows: "Unless construed as above, Subsection (4) would have little or no meaning. 'There is a presumption against a construction which would render a statute ineffective or inefficient . . .'. Bird v. United States, 187 U.S. 118, at 124, 23 S.Ct. 42, 44, 47 L.Ed. 100."

There is no question but that Sec. 103(4) places an undue burden on prospective lienees in Alabama. Such burden does not arise solely from the statute but primarily from the absence of a registration and "title" statute in Alabama.

If the statutes of Alabama required a certificate of title to be issued on automobiles sold in Alabama or that certificates issued in other states be surrendered upon registration in this state and another certificate of ownership issued by this state, carrying all security interest shown thereon over to the new certificate, there would be no problem with Sec. 103(4).

Such is required by the statutes of Nevada and the Uniform Motor Vehicle Anti-Theft Act. Vol. 15, Chap. 482, Nevada Revised Statutes. It appears the undue hardship to lenders in Alabama resulting from the effect of Sec. 9–103(4) was created by the legislature and must be removed by it, either by repeal, amendment, or passage of other correctional legislation.

The judgment of the trial court is affirmed.

Affirmed.

BRADLEY and HOLMES, JJ., concur.