WRIGHT, Presiding Judge.
Defendants appeal from judgment for plaintiff in detinue. The issue is: Does Sec. 9-103(3) or Sec. 9-103(4) of Title 7A of the Code of Alabama (1940) (Recomp.1958) apply when an automobile purchased in a state which requires perfection of a security interest therein by notation upon a certificate of title, is brought into Alabama and purchased here prior to the application for and issuance of the certificate of title with noted security interest in the original state? We find that Sec. 9-103(4) applies in this case and affirm the judgment of the trial court.
The stipulated material facts are as follows: The automobile was purchased in Illinois on November 11, 1971. A purchase money security interest attached on that day in favor of plaintiff or his assignor. On November 12, 1971, the purchaser sold the automobile in Crossville, Alabama and gave a bill of sale therefor. On December 8, 1971, it was resold in this state to defendants. On November 18, 1971, the Illinois seller filed application for certificate of title, listing thereon the security interest of plaintiff. Certificate was issued by the Secretary of State of Illinois on November 30, 1971, showing the lien of plaintiff dated November 11, 1971.
The question of which of the subsections of Sec. 9-103 of Title 7A is to be applied to a factual situation such as is presented by *653 this ease has not previously been decided in this state. In fact, the precise question has apparently not been previously decided by the appellate courts of any state. This court in the case of Deposit Nat. Bank of Mobile County v. Chrysler Credit Corp., 48 Ala.App. 161, 263 So.2d 139 (1972) discussed Secs. 9-103(3) and 9-103(4). We pointed out that Sec. 9-103(4) is the only provision of Sec. 103 which may be applied when there is involved personal property covered by a certificate of title issued by a state which requires indication thereon of any security interest as a condition of perfection. Sec. 9-103(4) is as follows:
“(4) Notwithstanding subsections (2) and (3), if personal property is covered by a certificate of title issued under a statute of this state or any other jurisdiction which requires indication on a certificate of title of any security interest in the property as a condition of perfection, then the perfection is governed by the law of the jurisdiction which issued the certificate.”
Illinois is a state which requires that automobiles be covered by certificates of title and that a security interest be perfected by listing on the certificate of title. There is further an Illinois statute providing as follows:
“(b) a security interest is perfected by the delivery to the Secretary of State of the existing certificate of title, if any, an application for a certificate of title containing the name and address of the lien-holder and the date of his security agreement and the required fee. It is perfected as of the time of its creation if the delivery is completed within 21 days thereafter, otherwise as of the time of the delivery.” Ill.Rev.Stat.1973, Ch. 95Vn, Sec. 3-202(b).
Appellant contends that the provision “covered by a certificate of title” in Sec. 9-103(4) establishes a time reference of entry into this state. In other words, there must already be a certificate of title issued covering the property at the time it enters this state in order for Sec. 9-103(4) to apply. We do not believe such to be the meaning of Sec. 9-103(4). If it were, the above quoted Sec. 3-202(b) of the Illinois Code would have little purpose nor would the similar provision of the Alabama automobile title law, Title 36, Sec. 185(b) enacted in 1973, subsequent to the origin of this dispute. Clearly, these statutes were enacted to protect the lienholder while awaiting issuance of the tardy certificate containing information as to the lien. If there is implied into Sec. 9-103(4) such a time of entry reference, there is a repealing repugnancy in the provisions of Title 36, Sec. 185(b).
The appellants observe that the first purchaser of the automobile in Alabama was deprived of notice contemplated by law to be available to him when the automobile entered Alabama without the prior issuance of a certificate of title. They indicate that had plaintiff proceeded to perfect its security interest by filing as with other personal property, the purchaser in Alabama would have had benefit of notice. We are unable to follow appellants’ logic. It would seem that if the Alabama purchaser knew that the automobile came from Illinois he would be on notice that there was a certificate of title necessary to transfer ownership and that such certificate would indicate any security interest. If the purchaser had sufficient information to check for Illinois filing, he could as easily check for an Illinois certificate.
Appellants’ argument of the inequity of lack of notice to the first purchaser in Alabama is not pertinent to the facts of this case. The first purchaser is not a defendant and appellant here. The fact is that at the time of purchase by defendants there had been a certificate of title issued covering the automobile which contained notice of the security interest of plaintiff. Defendants had as much opportunity of notice as they would have had had the certificate of title been issued at the time of entry. It is obvious that there must be some delay from time of attachment of a security interest until its perfection in any event, but in particular where by statute a security interest is required to be indicated on a certificate of title as a condition of perfection. *654 States which require such conditions of perfection recognize there is a physical delay between attachment and perfection. To protect the creditor in such cases from subsequent lienors, either local or foreign, such states may provide statutory retroactive perfection. Alabama, by adopting Sec. 9-103(4), concedes that the law of the issuing state should govern the matter and time of perfection.
In our opinion, in Deposit Nat. Bank of Mobile County v. Chrysler Credit Corp., supra, we commented upon the burden which Sec. 9-103(4) could place upon Alabama consumers. We pointed out such problem arose largely because sales were freely and legally made in Alabama without certificate of title. The legislature has now enacted a title law very similar to that of Illinois, including retroactive perfection of security interest, which became effective with 1975 models. Title 36, Chap. 13, Code of Alabama (1940) (Recomp.1958) (Supp.1973). Presumably, Alabama is no longer the sucker state for car thieves and fraud merchants.
The judgment below is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.