In re Donald R. McGREW, Reva Jean McGrew, Debtor.

INTERNATIONAL HARVESTER CREDIT CORPORATION, Plaintiff,

v.

Donald R. McGREW, Reva Jean McGrew, Defendant.

Bankruptcy No. 4–80–00290. Adv. No. 4–80–0082.

United States Bankruptcy Court, W. D. Kentucky.

Sept. 9, 1981.

E. Lambert Farmer, Henderson, Ky., for debtors.

David Clark, Evansville, Ind., for plaintiff.

Sandra Freeburger, Sebree, Ky., trustee.

## MEMORANDUM AND ORDER

STEWART E. BLAND, Bankruptcy Judge.

This bankruptcy case comes before the Court on complaint of International Harvester Credit Corporation (Harvester), by counsel, seeking relief from the automatic stay, reclamation of the collateral, a right of inspection and request for adequate protection pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 363(e), respectively. Specifically, the issue before the Court relates to whether Harvester holds such a perfected security interest in a semi-tractor vehicle as to give Harvester priority over the claim of the trustee in bankruptcy as representative of the creditors of the estate.

The specific facts as they pertain to the issue here are disputed, and it is noted that this Court's order of November 26, 1980, set a date certain for the filing of an agreed stipulation of fact which was never forthcoming.

However, it appears that on or about February 18, 1980, the debtors purchased a 1979 International Harvester semi-tractor vehicle, serial number E2327JGA13716, from Tri-State International Trucks, Inc., of Evansville, Indiana. On the same date the debtors entered into a retail installment contract with International Harvester Credit Corporation for the purpose of financing the vehicle. The contract in the total amount of $46,145.03 provided that Harvester retained a purchase money security interest in the vehicle and further listed the debtors' address as Post Office Box 243, Rockport, Indiana. This address was not the residence of the debtors but the business address of a trucking firm in Indiana which allegedly either employed the debtor or would in the immediate future employ the debtor.

Subsequently, on March 7, 1980, an Indiana Certificate of Title number 80047044057 was issued on the vehicle which listed Harvester as the first lienholder and further noted the debtors' address as Route 2, Dixon, Kentucky. Harvester was apparently aware of the Kentucky residence of the debtors as the payment book and documents other than the retail installment contract noted the correct residential address. On or about June 30, 1980, the debtors filed a voluntary petition in bankruptcy under the provisions of Chapter 7 of the Bankruptcy Code. It is disputed as to whether the debtor made any payments on the vehicle in question prior to the filing of the bankruptcy petition and as to whether the debtor was ever in the employ of the Indiana trucking firm.

Harvester contends that it places proper reliance upon the Indiana Certificate of Title notation to perfect its security interest

under the controlling law of Indiana. The trustee contends that perfection could only be effectuated under the controlling law of the state of the debtors' residence, that being Kentucky.

The United States Bankruptcy Court has jurisdiction of the parties and the subject matter of this case pursuant to 28 U.S.C. § 1471.

The issue presented fundamentally collates to whether UCC, Section 9–103(3) or, in the alternative, Section 9–103(4) of the Uniform Commercial Code should prevail and govern the factual circumstances at bar. Subsection (3) of Kentucky's enacted version of the Uniform Commercial Code, KRS 355.9–103(3) provides in pertinent part:

"(3) If personal property other than that governed by subsections (1) and (2) is already subject to a security interest when it is brought into this state, the validity of the security interest in this state is to be determined by the law (including the conflict of laws rules) of the jurisdiction where the property was when the security interest attached. However, if the parties to the transaction understood at the time that the security interest attached that the property would be kept in this state and it was brought into this state within 30 days after the security interest attached for purposes other than transportation through this state, then the validity of the security interest in this state is to be determined by the law of this state...."

KRS 355.9–103(4) provides:

"(4) *Notwithstanding subsections (2) and (3)*, if personal property is covered by a certificate of title issued under a statute of this state or any other jurisdiction which requires indication on a certificate of title of any security interest in the property as a condition of perfection, then the perfection is governed by the law of the jurisdiction which issued the certificate." (Emphasis added.)

The official comments and annotations contained in the Kentucky Revised Statutes in reference to subsection (4) of KRS 355.9–103 provide:

"(4) Subsection (4) avoids the possible necessity of duplicating perfection in the case of vehicles subject to a certificate of title law requiring compliance therewith to perfect security interest [sic]. Kentucky does not require indication on a certificate of title in order to perfect a security interest...."

Subsection (4) of KRS 355.9–103 then is a disclaimer statute, by which its enacting state disclaims in certain instances the exercise of its prerogative to govern, by its law, the validity and perfection of certain security transactions which, except for the subsection, would so be governed.

Thus, the statutory intent is manifested in the text of the statute. Subsection (4) embodies and codifies the legislative intent to eliminate conflict of laws problems and assure that the domestic law of a single jurisdiction will apply to a given security transaction regardless of the forum in which the case is litigated.

Indiana provides for perfection by notation on a certificate of title rather than the filing of a financing statement. Indiana Code 26–1–9–302(3)(b) provides:

"(3) The filing provisions of this article do not apply to a security interest in ... (b) ... a motor vehicle which is not inventory held for sale for which a certificate of title is required under the statutes of this state if a notation of such a security interest can be indicated by a public official on a certificate or a duplicate thereof."

Since the State of Indiana provides for perfection of the instant security interest by notation on a certificate of title, the circumstances of this perfection fall within the ambit of subsection (4) of KRS 355.9–103, which supplants the filing requirements of subsections (2) and (3). This outcome is reinforced by other decisions relating to perfection of security interests when mobile collateral is transported between "title" states and "filing" states. See *In Re Antonuzzo*, 2 B.C.D. 737 (E.D.N.Y.1976); *In Re Dawson*, 2 B.C.D. 1497 (E.D.Mo.1976);

*In Re Longnecker*, 7 UCC Rep.Serv. 264 (W.D.Mich.1969); *In Re Smith*, 311 F.Supp. 900 (D.Va.1970); *In Re White*, 266 F.Supp. 863 (N.D.N.Y.1967); *In Re Maxwell*, 18 UCC Rep.Serv. 504 (D.Conn.1975).

Apparently, Harvester was aware of the fact that the debtors were Kentucky residents, but was also under the impression that the debtor-husband was employed in Indiana. As the vehicle was used by this debtor pursuant to his employment and there being no understanding to the contrary, Harvester had no reason to know that the vehicle would be removed to and used principally in the State of Kentucky.

Clearly, the purchase money security interest of Harvester was perfected under the law of Indiana by notation on the certificate of title issued by the Indiana Bureau of Motor Vehicles, and remained perfected in all respects when the vehicle was subsequently removed to Kentucky.

This Memorandum and Order constitutes Findings of Fact and Conclusions of Law pursuant to Rule 752, Rules of Bankruptcy Procedure.

WHEREFORE, IT IS ORDERED AND ADJUDGED that International Harvester Credit Corporation holds a perfected security interest in the semi-tractor vehicle which has priority over the claim of the trustee in bankruptcy to said collateral.

IT IS FURTHER ORDERED AND ADJUDGED that a hearing be and is set on *October 5, 1981, at 10:30 a. m., in the bankruptcy hearing room, Federal Building, Owensboro, Kentucky*, for the purpose of determining the fair rental value of the vehicle and the measure of adequate protection due the secured creditor in this instance.