4 F.3d 985
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: Roger Dale JOHNSON; Bonnie Sue Johnson, Debtors.
Raymond G. DODSON, Trustee, Plaintiff-Appellee,
v.
ONE VALLEY BANK OF OAK HILL, INCORPORATED,
Defendant-Appellant.
 No. 92-2142.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 9, 1993.
Sept. 13, 1993.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Dennis Raymond Knapp, Senior District Judge. (CA-89-1157-2, BK-AP-88-0155, BK-88-20495)
 Dana F. Eddy, One Valley Bancorp of West Virginia, Charleston, West Virginia, for Appellant.
 Raymond G. Dodson, Dodson, Riccardi & Lutz, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before PHILLIPS and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 One Valley Bank of Oak Hill, Inc. ("Oak Hill") appeals the district court's order affirming an order of the bankruptcy court. The district court denied Oak Hill's summary judgment motion and avoided Oak Hill's claim of a lien against a mobile home for failure to perfect the lien as required by state statute. We have conducted a de novo review of the district court's conclusions of law. See In re Green, 934 F.2d 568, 570 (4th Cir. 1991). We find that the rulings of the district judge are proper and accordingly affirm its order.
 
 
 2
 The facts are undisputed. Roger D. Johnson and Bonnie Sue Johnson (the "debtors") filed their Chapter 7 petition on June 24, 1988. Three months earlier, the debtors had purchased a mobile home, becoming indebted to Oak Hill and granting to Oak Hill a security interest in the mobile home pursuant to the terms of a sales contract between the debtors and P.D.Q. Homes, Inc., the seller. No certificate of title for the mobile home was issued by the Department of Motor Vehicles of the State of West Virginia. There is no evidence in the record before this Court that Oak Hill, or anyone on its behalf, ever forwarded the Certificate of Origin and Application for Title with lien noted thereon to the Department of Motor Vehicles. On September 28, 1988, the plaintiff filed a complaint objecting to the claim of Oak Hill that it held a perfected security interest in the mobile home and seeking to have Oak Hill's lien on the mobile home held void pursuant to 11 U.S.C.A. Sec. 544(a)(1) (West Supp. 1993).
 
 
 3
 The perfection of the security interest at issue in this matter is governed by W. Va. Code Sec. 46-9-302 (Supp. 1992). The bankruptcy judge and the district judge both held that (1) a mobile home is a consumer good; and (2) a mobile home is a motor vehicle required to be registered pursuant to the terms of the Sec. 46-9-302(l)(d) and the facts of the present case. The judges further held that the lien must be placed on the vehicle's certificate of title to effectively perfect the security interest on the mobile home pursuant to W. Va. Code Sec. 17A4A-1 (1991). (Id.).
 
 
 4
 First, the parties do not dispute that a mobile home is a consumer good under the definition of W. Va. Code Sec. 46-9-109(1) (1966), and we affirm the district court's conclusion in this regard.
 
 
 5
 The second holding of the lower court, that is, that a mobile home is a motor vehicle required to be registered under W. Va. Code Sec. 469-302(l)(d), and that the sole effective means of perfecting a security interest in the mobile home is to have the lien placed on the vehicle's certificate of title pursuant to W. Va. Code Sec. 17A-4A-1, is likewise valid.
 
 
 6
 Pursuant to W. Va. Code Sec. 46-9-302(1)(d), a financing statement must be filed to perfect a security interest in a"motor vehicle required to be registered." Further, W. Va. Code Sec. 17A-3-2(a) (Supp. 1992) provides that "Every motor vehicle ... when driven or moved upon a highway shall be subject to the registration and certificate of title provisions of this chapter...."[1] Chapter 17A provides that for a vehicle requiring a certificate of title, any lien on that vehicle must be placed directly on the certificate of title. W. Va. Code Sec. 17A-4A-1.[2]
 
 
 7
 The purpose of placing the lien on the face of the certificate of title is to provide notice to third parties of the existence of the lien. Id. The statute expressly provides that any lien not evidenced on the certificate of title shall be void as to any subsequent purchaser or lien creditor. Id.
 
 
 8
 The district court correctly determined that under the facts of this case, the West Virginia statutes would require a vitiation of the lien in favor of the Plaintiff. We accordingly affirm.
 
 AFFIRMED
 
 
 [1]
 The statute creates an exception for vehicles driven or moved on a highway which relate to manufacturers, transporters, dealers, lienholders, nonresidents or pursuant to a temporary registration permit. This exception is not applicable to the case at bar
 
 
 [2]
 The parties have discussed In re Smith, 311 F. Supp. 900 (W.D. Va. 1970), aff'd sub nom., Callaghan v. Commercial Credit Corp., 437 F.2d 898 (4th Cir. 1971) in their respective briefs and have accorded the case different interpretations. While the primary issue addressed in Smith was not the specific manner in which a lien is perfected pursuant to West Virginia law, the district court held, and this Court on appeal agrees, that the law of West Virginia requires that proper perfection of a lien on a mobile home requires an indication thereof on the face of the certificate of title