**In re Robert Irvin HAMPTON, Bertha Gerri Hampton.**

**Bankruptcy No. 92–21066.**

United States Bankruptcy Court, E.D. Kentucky, Covington Division.

Oct. 21, 1992.

Elizabeth Graham Weber, Covington, Ky., for debtors.

Scott J. Goldberg, Asst. U.S. Trustee, Louisville, Ky.

## MEMORANDUM OPINION

WILLIAM S. HOWARD, Bankruptcy Judge.

This matter is before the Court upon the United States Trustee's Motion to Dismiss filed herein on July 24, 1992 pursuant to 11 U.S.C. § 707(b). The debtors filed their Response in Opposition to the United States Trustee's Motion to Dismiss on August 10, 1992 and their Supplemental Response in Opposition to the United States Trustee's Motion to Dismiss on August 31, 1992. The matter was heard by the Court on September 1, 1992 and submitted to the Court for decision.

The debtors petition under Chapter 7 of the Bankruptcy Code was filed July 13, 1992. The Statement of Financial Affairs filed therewith lists the income of Robert as $42,000 annually and of Gerri as $23,000 annually based upon their previous year's earnings. The debtors reside in a rented apartment and appear to have little, if any, property in excess of exemptions which is not fully encumbered. The only items that the debtors own which could, even arguably, be called luxury items are a computer worth approximately $1,000 on which Radio Shack has a lien in excess of that amount and a boat worth approximately $3,000 on which Central Trust has a lien which greatly exceeds its value. The attached Schedules list taxes due to the United States in the approximate amount of $2,200, unsecured debts of $27,800 and secured debts totaling $24,800. The Schedules list combined monthly net income of more than $4,200 and total monthly expenses of approximately $2,300 leaving some $1,900 excess of income over expenses monthly. Hence the attention the debtors have received from the United States Trustee

("UST") in the form of the motion to dismiss as a substantial abuse under § 707(b).

On August 10, 1992 the debtors filed various amendments to their schedules. The current expenditures of the debtors were raised to $3,197 and the current income was amended to $3,555. The schedule of unsecured debts was amended to include the unsecured portion of the debts to secured creditors which raised the total of unsecured debts to $40,500.

On August 31, 1992 a second set of amendments was filed which itemized additional current expenditures raising the total of monthly expenditures to $4,057. At the same time an amendment was filed adjusting the income of Robert resulting in combined net monthly income of $3,155. The Supplemental Response filed with these amendments indicates that Robert has developed a heart condition and that, while he previously worked seven days per week, he now, under the advise of his physician, can only work a 40 hour work week. A pay stub for such a 40 hour week was submitted to substantiate the claimed income at that level. Under these circumstances, while the debtor husband has historically worked more than 40 hours per week, he can hardly be expected to do so now. Indeed, the Court believes it should not use any standard of previous earnings which is based upon extraordinary work efforts by the debtor when evaluating the ability of the debtors to fund a Chapter 13 plan when the Court is determining whether there is substantial abuse pursuant to § 707(b). The Court finds that the amendments made by the debtors in this case were made in good faith to correct oversights in previous filings. This should not be taken as an endorsement of the budget which the debtors have filed since it appears that, while the budget may be what the debtors do spend monthly, it appears to contain items which must be eliminated in considering what the debtors could pay by way of payments in a theoretical Chapter 13 proceeding.

The debtors in this proceeding are both fifty years of age. They have no substantial sums by way of retirement funds avail-

able to them which would be exempt property. The debtors dealt with Credit Counselors of Cincinnati prior to filing bankruptcy in an apparent attempt to avoid filing bankruptcy. The debtors have indicated their intention to retain the boat which is encumbered far in excess of its value.

The UST argues that the debtors have an excess of income over reasonable expenses of approximately $350 per month and that this sum could be used to fund a plan under Chapter 13. Such a plan based upon 36 months, if proposed and confirmed, would pay approximately 22% of the $40,500 in unsecured debts after payment of administrative costs and priority debts.

A review of the debtors' latest budget indicates that there are several items which overstate the reasonable expense that the debtors should incur for such goods or services and that, in considering whether the debtors could pay a substantial portion of their debts by way of a Chapter 13 proceeding. Specifically, the following adjustments/deletions should be made:

| ITEM | BUDGETED | ADJUSTED |
| --- | --- | --- |
| Food | 515.00 | 400.00 |
| Medical and dental | 122.00 | 100.00 |
| Transportation | 340.00 | 150.00 |
| Insurance (boat) | 50.00 | eliminated |
| Taxes | 238.00 | 100.00 |
| Installments (TV & boat) | 230.00 | eliminated |
| Other | 530.00 | 250.00 |

When these adjustments are made, the debtors' reasonable expenses are approximately $3,032 per month. When compared with the current net income of $3,155 per month, there is a surplus of $123 per month which could inure to the benefit of priority and unsecured creditors (out of which administrative costs would also have to be paid) in a Chapter 13 proceeding.

Bankruptcy Code § 707(b) provides that After notice and a hearing, the court, ... may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor.

It is not disputed herein that the debts of the debtors are primarily consumer debts. ▪ This Court is required to consider the totality of the circumstances in order to determine if there has been a substantial abuse. *In re Krohn,* 886 F.2d 123 (6th Cir.1989). The Court must consider whether the debtor is "honest" or is merely seeking an advantage over his creditors. *Krohn,* page 126. Some factors which the Court may consider include the debtors' good faith and candor in filing schedules and other documents, any eve of bankruptcy purchases and any unforeseen or catastrophic events which precipitated the filing. *Krohn,* page 126. An additional factor which should be considered by the Court when considering whether the debtor is needy in the sense of needing bankruptcy relief is the debtors' ability to repay his or her debts out of future income. In the context of the present case, that means the ability of the debtors to propose and confirm a Chapter 13 plan. *Krohn,* page 126. This factor alone may warrant dismissal where funding such a plan can be accomplished with relative ease although the ability to propose a confirmable Chapter 13 plan, without more, is not itself sufficient to warrant dismissal under § 707(b). *In re Green,* 934 F.2d 568 (4th Cir.1991), *Krohn,* page 126.

▪ In the present case, there is no evidence of other than honorable dealings by the debtors with respect to their creditors. While the debtors have amended their

schedules to reflect more expenses and less income than originally listed, the Court finds that the amendments were made in good faith. Based upon the above facts it is evident that the debtors could propose to fund a Chapter 13 plan with the $123 per month which the Court has found is available after the payment of their reasonable expenses. This would result in a fund, based on a 36 month plan, of $4,428 or about $4,000 net payable to creditors after administrative costs (ignoring attorney's fees) on approximately $42,500 of priority and unsecured debt yielding approximately five percent to unsecured creditors.

In the absence of other factors, the Court cannot conclude that allowing these debtors relief under Chapter 7 is a substantial abuse of the purposes of the provisions of Chapter 7.

A separate order in conformity herewith will be entered.