27 F.3d 562
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: C and R, L.C., Defendant-Appellant,
RESOLUTION TRUST CORPORATION, as Receiver for Florida
Federal Savings Bank, F.S.B., Plaintiff-Appellee,
v.
C and R, L.C., Defendant-Appellant,
and
Julie G. HODGIN, Party in Interest.
 No. 94-1230
 United States Court of Appeals, Fourth Circuit.
 Argued: June 8, 1994.
Decided: July 6, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, District Judge. (CA-93-912-R, BK-93-144-7-HPR)
 Hampton William Thomas, Hampton W. Thomas, P.C., Roanoke, Virginia, for Appellant.
 James S. Crockett, Jr., Mays & Valentine, Richmond, Virginia, for Appellee.
 Before WIDENER, MURNAGHAN, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 C and R, L.C. (C and R), the Debtor, filed a voluntary petition for Chapter 11 bankruptcy on January 26, 1993. C and R was formed on January 6, 1993. On January 26, C and R had two assets, a piece of realty in Florida and a piece of realty in Virginia. The Florida property was conveyed to C and R on January 26, 1993, the same day C and R filed for bankruptcy.
 
 
 2
 The Resolution Trust Corporation (RTC), as receiver for Florida Federal Savings Bank, a failed savings and loan, held an $8.5 million dollar note on the Florida property. In January 1993, when C and R filed for bankruptcy, the RTC had received judicial permission to foreclose on the Florida property and was attempting to do so. The foreclosure was scheduled for January 28. On April 20, 1993, the RTC moved to dismiss C and R's Chapter 11 case, pursuant to 11 U.S.C. Sec. 1112, on the grounds that it was filed in bad faith.
 
 
 3
 The United States Bankruptcy Court for the Western District of Virginia denied the RTC's motion on November 2, 1993, and the RTC appealed to the district court. The United States District Court for the Western District of Virginia reversed the order of the bankruptcy court, and on January 25, 1994, dismissed the case as a bad faith filing. C and R has appealed on the basis that the district court erred in granting the RTC's motion to dismiss the Chapter 11 case.
 
 
 4
 We affirm the district court's order dismissing the Chapter 11 petition.
 
 
 5
 The bankruptcy court's order denying the RTC's motion to dismiss was brief:
 
 
 6
 The Court having heard and maturely considered the facts, circumstances and applicable law upon the Motion of the [RTC] that the within case be dismissed, and after careful consideration of the same, and the court being mindful of the expression of the Fourth Circuit Court of Appeals in the case of In re Pembroke Manor [Apartments], 547 F.2d 805 (4th Cir.1977), and other cases, holding that dismissal should be the exception and not the rule; and further, that the creditors and the Court should have an opportunity to consider any proposed plan that the Debtor may present in this case, it is accordingly ORDERED that the [Dismissal Motion] is DENIED AND DISMISSED.
 
 
 7
 Under the applicable standard, our review of the bankruptcy court's findings of fact is limited, while we review its statement of the law de novo.
 
 
 8
 " 'As the second court of review' " of a bankruptcy court's judgment, this court examines independently the bankruptcy court's factual and legal determinations and employs the same two review standards used by the district court.... Factual findings by the bankruptcy court are reviewed under the limited and deferential clearly erroneous standard....
 
 
 9
 In contrast, legal conclusions by the bankruptcy court and the district court are reviewed by this court de novo.
 
 
 10
 In re Club Associates, 951 F.2d 1223, 1228 (11th Cir.1992) (citations omitted); accord, Carolin Corp. v. Miller, 886 F.2d 693, 702 (4th Cir.1989); In re Morris Communications N.C., Inc., 914 F.2d 458, 467 (4th Cir.1990). A finding of fact "is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been made." In re Morris Communications, 914 F.2d at 467; In re Green, 934 F.2d 568, 570 (4th Cir.1991). The district court in the instant case explicitly noted its "definite and firm conviction" that C and R's petition was filed in bad faith and that the bankruptcy court erred.
 
 
 11
 The district court noted, and the bankruptcy court's order illustrates, that the bankruptcy court did not make extensive findings of fact to support its denial of the RTC's motion. The bankruptcy court's conclusion that C and R did not file in bad faith is, however, a "factual determination" subject to review by the district court. In Carolin, we wrote, "[w]e review the bankruptcy court's ultimate finding that the filing was not in good faith as one of fact subject to the clearly erroneous standard." Carolin, 886 F.2d at 702. Applying that standard here, we find that the bankruptcy court's factual determination that Cand R did not file in bad faith is clearly erroneous. In addition, the bankruptcy court's sole reliance on Pembroke Manor is misplaced in that Carolin sets out the applicable law of this circuit on the issue before the court. The district court's findings of fact, analysis, and conclusions of law, as set forth in the district court's memorandum opinion, Resolution Trust Corporation v. Cand R, L.C., No. CA-93-0912-R (W.D.Va. Jan. 25, 1994), are well-reasoned and justify an affirmance on the merits. Consequently, we AFFIRM.
 
 AFFIRMED