UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: STEPHEN MICHAEL CULLEN,
Debtor.

DYNAMIC CERAMIC TILE,
INCORPORATED,
Plaintiff-Appellant,

No. 97-1031

v.

STEPHEN MICHAEL CULLEN, a/k/a
Steve Cullen, a/k/a S. M. Cullen
and Associates,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-96-2786-AW, BK-95-13317-PM, AP-95-1A381)

Argued: June 3, 1997

Decided: November 21, 1997

Before RUSSELL, MURNAGHAN, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Keith R. Havens, ROLLE & HAVENS, Cabin John, Maryland, for
Appellant. Michael G. Wolff, GOREN, HOFBERG & WOLFF,
Rockville, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dynamic Ceramic Tile, Inc. (Dynamic), a creditor in a bankruptcy proceeding, appeals the district court's judgment affirming a bankruptcy court's order dismissing Dynamic's complaint to have a debt declared nondischargable under 11 U.S.C. § 523(a)(2) (1994). Dynamic contended that the debt owed by the debtor, Stephen Cullen, should not be discharged because of a fraudulent representation by Mr. Cullen. Finding no reversible error, we affirm.

The president of Dynamic, Timothy Hughes, dated Stephen and Deborah Cullen's daughter from 1990-1994. During this period of time, Hughes arranged for Dynamic to loan Mr. Cullen, without a promissory note or interest, approximately $37,000 for various business ventures and personal expenses. The checks from Dynamic were deposited into Mr. Cullen's business checking account; however, at least one check was deposited into the Cullens' joint checking account.

Even though Hughes stopped dating the Cullens' daughter in 1994, Hughes maintained a cordial relationship with Mr. Cullen. Because Mr. Cullen failed at his business ventures and discussed the possibility of filing bankruptcy, Hughes decided to sue both Stephen and Deborah Cullen in an effort to collect the $37,000 owed to Dynamic. Eventually, Dynamic agreed to release Mrs. Cullen from the lawsuit if Mr. Cullen signed a promissory note for $40,500. Additionally, Mr. Cullen gave assurances through his attorney that he had no intention of filing bankruptcy. After Mr. Cullen signed the promissory note, the suit was dismissed with prejudice.

Approximately six weeks later, Mr. Cullen filed for bankruptcy under Chapter 7 of the bankruptcy code after making only one payment on the promissory note. Dynamic filed a complaint to determine

2

the dischargability of the debt. Dynamic argued that the debt should not be discharged because Cullen fraudulently entered into the promissory note. Cullen contended that he had intended to pay the full amount of the note, but he lost his job after signing the note and that period of unemployment forced him into bankruptcy. The bankruptcy court found that Dynamic failed to establish its claim of fraud or misrepresentation by a preponderance of evidence and granted judgment in favor of Cullen. On appeal, the district court affirmed the judgment of the bankruptcy court. Dynamic now appeals the district court's decision to this court.

On appeal of a bankruptcy matter from the district court, we evaluate the bankruptcy court decision directly, without being bound by the district court's determinations.[1] The bankruptcy court's findings of fact are reviewed for clear error,[2] and findings of fact are clearly erroneous "when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[3] Additionally, we review the bankruptcy court's conclusions of law de novo.[4]

A debt will be excepted from discharge if a creditor establishes by a preponderance of the evidence that he reasonably relied on a false representation or actual fraud by a debtor.[5] To satisfy this burden, Dynamic must establish: (1) that Cullen made a representation; (2) that Cullen knew at the time that the representation was false; (3) that Cullen made the representation with the intent to deceive Dynamic; (4) that Dynamic relied upon the representation; and, (5) that Dynamic suffered damages as a proximate result of the representation.[6] While the district court assumed that Dynamic met the first four of

_____

[1] **See In re Charfoos**, 979 F.2d 390 (6th Cir. 1992); In re Weiss, 111 F.3d 1159 (4th Cir. 1997), petition for cert. filed, ___ U.S. ___, 66 U.S.L.W. 3171 (U.S. Aug. 18, 1997) (No. 97-366).
[2] **See In re Varat Enters., Inc.** , 81 F.3d 1310, 1314 (4th Cir. 1996).
[3] **See In re Green**, 934 F.2d 568, 570 (4th Cir. 1991).
[4] **See In re Bryson Properties, XVIII**, 961 F.2d 496, 499 (4th Cir. 1992).
[5] **See** 11 U.S.C. § 523(a)(2)(A) (1994).
[6] **See In re Eashai**, 167 B.R. 181, 183 (9th Cir. BAP 1994), aff'd, 87 F.3d 1082 (9th Cir. 1996).

these requirements, it found that Dynamic failed to establish by a preponderance of the evidence that it met the fifth--suffered tangible damages as a result of Cullen's misrepresentation.

On appeal, Dynamic argues that mere forbearance of exercising its legal remedies constitutes loss. Dynamic alleges that it might have been successful in pursuing its questionable claim against Mrs. Cullen based upon the idea that she benefited from the loans and because one of the loan checks was deposited into the Cullens' joint checking account. However, we agree with the district court that the bankruptcy court's finding that Dynamic suffered no damage when they gave up a dubious claim against Mrs. Cullen was not clearly erroneous. Mrs. Cullen was never a party to any of the transactions between Dynamic and Mr. Cullen, nor does an agency relationship exist between husband and wife. She was not involved in her husband's business ventures, and Dynamic did not produce any evidence that she used or benefited from the loans to her husband. Therefore, we do not find that the bankruptcy court erred in concluding that Dynamic failed to meet its burden to establish false representation under the bankruptcy code. Accordingly, we affirm the order of the district court affirming the bankruptcy court's judgment.

AFFIRMED

4