USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit
 ____________________

No. 98-9003

 IN RE: RICHARD LAMANNA,

 Debtor.

 ____________________

 FIRST USA, ET AL.,

 Appellees,

 v.

 RICHARD LAMANNA,

 Appellant.
 
 ____________________

 APPEAL FROM A JUDGMENT OF THE UNITED STATES

 BANKRUPTCY APPELLATE PANEL OF THE FIRST CIRCUIT

 ____________________

 Before

 Boudin, Circuit Judge,
 
Wellford, Senior Circuit Judge,

and Lynch, Circuit Judge.
____________________

 Peter G. Berman, with whom Raskin & Berman was on brief,
for appellant.
 Eric Kempton Bradford, Office of the United States
Trustee, with whom Paul W. Bridenhagen, Executive Office for United
States Trustees, was on brief, for amicus curiae J. Christopher
Marshall, United States Trustee.
 

 ____________________
 
 August 25, 1998
 ____________________
 
 LYNCH, Circuit Judge. The question presented is the
meaning of "substantial abuse" under 707(b) of the Bankruptcy
Code and the criteria by which it is measured. This is a question
of first instance in this circuit. A Chapter 7 bankruptcy petition
of an individual debtor whose debts are primarily consumer debts
may be dismissed if the court finds that granting relief would be
a "substantial abuse" of the Chapter. See 11 U.S.C. 707(b). 
 Richard Lamanna sought relief from approximately $15,000
of primarily consumer debt by filing for bankruptcy under Chapter
7. The bankruptcy court sua sponte dismissed Lamanna's petition as
a "substantial abuse" of Chapter 7 based on the finding that
Lamanna had sufficient disposable income to pay off his debts under
a Chapter 13 payment schedule. The Bankruptcy Appellate Panel
(BAP) affirmed for the same reason.
 On appeal, Lamanna argues that the BAP misconstrued 
707(b) as meaning that "substantial abuse" automatically exists
where a debtor's income exceeds his expenses even minimally. 
Lamanna says that his expenses are artificially low because he has
avoided normal expenses by living with his parents, and that it
cannot constitute "substantial abuse" of the bankruptcy system for
a debtor to live with parents who subsidize his needs. Lamanna
also says that "substantial abuse" under 707(b) refers only to
acts of bad faith, and that there is no evidence of bad faith.
 As amicus curiae, the United States Trustee argues that
the court did not apply a per se future income test. He emphasizes
that Lamanna's schedules show that he can repay 100% of his debts
out of future disposable income and that, despite ample
opportunity, Lamanna presented no evidence of countervailing
factors which militated against dismissal. The Trustee invites
this court to adopt the "totality of circumstances" test, employed
by both the bankruptcy court and BAP, as the law of this circuit.
 We adopt the "totality of the circumstances" test as the
measure of "substantial abuse" under 707(b) of the Bankruptcy
Code. In doing so, we join the Fourth, Sixth, Eighth and Ninth
Circuits in holding that a consumer debtor's ability to repay his
debts out of future disposable is not per se "substantial abuse"
mandating dismissal. At the same time, we do not require a court
to look beyond the debtor's ability to repay if that factor
warrants the result. We explicitly reject the notion that
"substantial abuse" refers only to bad faith acts, although a court
may consider a debtor's bad faith acts in making its decision. 
Applying this test, we find that the BAP correctly decided that
allowing Lamanna's petition would constitute a "substantial abuse"
of Chapter 7, and affirm.
 I.
 Richard Lamanna, a Rhode Island resident, filed for
bankruptcy under Chapter 7 on February 18, 1997. Lamanna's
schedules (Schedules F, I & J), filed with his voluntary petition,
show that he has total unsecured debt of $15,911.96 which is
primarily consumer debt, his monthly income is $1,350.96, and his
monthly expenses are $580. Lamanna's income therefore exceeds his
expenses by $770.96 per month, the amount of his disposable
income. 
 On February 24, 1997, the bankruptcy court sua sponte
ordered Lamanna to show cause why his petition should not be
dismissed as a "substantial abuse" of Chapter 7 under 11 U.S.C. 
707(b). In the show cause order, the court noted that Lamanna's
schedules showed that he was capable of paying 100% of his debts
over three years under a Chapter 13 payment plan. 
 At the show-cause hearing, Lamanna argued that his
expenses were artificially low because he was living with his
parents. Without that subsidy, he said, he could not limit his
expenses to $580 per month and would thus have no disposable income
with which to pay his debts. Yet Lamanna acknowledged that his
scheduled expenses and income were accurate and that he did not
anticipate a change in living circumstances, i.e., moving out of
his parents' house, that would precipitate a rise in living
expenses.
 The bankruptcy court, applying the "totality of the
circumstances" test, found "substantial abuse" and dismissed the
case. The BAP affirmed on the same grounds. Lamanna appeals.
 II.
 The question of whether allowing Lamanna's bankruptcy
petition would constitute "substantial abuse" of Chapter 7 under 
707(b) contains two components: first, the proper test by which
"substantial abuse" is measured; second, whether, applying that
test, the BAP correctly decided the issue. The facts are
undisputed, and we review de novo the B.A.P.'s conclusions of law. 
See In re Healthco Int'l, Inc., 132 F.3d 104, 107 (1st Cir. 1997).
A. The "totality of the circumstances" test
 Although "substantial abuse" is not self-defining, the
history and policies underlying 707(b) give content to its
meaning and purpose. That history is well set out in previous
opinions. See In re Green, 934 F.2d 568, 570 (4th Cir. 1991); In
re Krohn, 886 F.2d 123, 125-26 (6th Cir. 1989); In re Walton, 866
F.2d 981, 983 (8th Cir. 1989); In re Kelly, 841 F.2d 908, 914 (9th
Cir. 1988). We summarize the pertinent points.
 Section 707(b) was added to the Bankruptcy Code as part
of the Bankruptcy Amendments and Federal Judgeship Act of 1984. 
See Pub. L. 98-353, 98 Stat. 333, 355 (1984) (codified in various
sections of 11 U.S.C. and 28 U.S.C.) (the "1984 Act"). It
authorizes a bankruptcy court, either sua sponte or on the motion
of the United States Trustee, to dismiss the Chapter 7 petition of
an individual debtor who owes primarily consumer debts where
allowing the petition would be a "substantial abuse" of Chapter 7. 
Congress chose neither to define "substantial abuse" in the 1984
Act nor to leave specific guidance in legislative history. 
Congress thus left a flexible standard enabling courts to address
each petition on its own merit. 
 The primary impetus for the enactment of 707(b) was the
credit industry's unhappiness with the fact that consumer debtors
who were able to repay their debts had increasingly been filing for
bankruptcy relief since the enactment of the 1978 Bankruptcy Act. 
"Prior to 1984, debtors enjoyed a virtually unfettered right to a
'fresh start' under Chapter 7, in exchange for liquidating their
nonexempt assets for the benefit of their creditors." Green, 934
F.2d at 570. Section 707(b) was enacted to impose a restraint on
consumer debtors' access to Chapter 7 discharge by interposing
bankruptcy courts as gatekeepers who could examine the worthiness
of debtor petitions and dismiss those petitions deemed abusive. 
See id. As the Walton court summarized, 707(b) was "aimed
primarily at stemming the use of Chapter 7 by unneedy debtors." 
Walton, 866 F.2d at 983. See also Wayne R. Wells, Janell M. Kurtz
& Robert J. Calhoun, The Implementation of Bankruptcy Code Section
707(b): The Law and the Reality, 39 Clev. St. L. Rev. 15, 28 (1991)
("In enacting section 707(b), one concern was consumer debtors with
the ability to repay their debts were unfairly taking advantage of
bankruptcy to obtain a discharge of indebtedness."). "Substantial
abuse" thus attempts to moderate the tension between "uphold[ing]
creditors' interests in obtaining repayment where such repayment
would not be a burden," Kelly, 841 F.2d at 914, and maintaining the
ability of worthy debtors to gain access to Chapter 7's substantial
protections. Section 707(b)'s ambiguity is inherent in its
function as a guide to equitable discretion. 
 With "substantial abuse" lacking specific meaning, it has
fallen to the courts to determine how "substantial abuse" ought to
be measured. Although tests employed by various courts of appeals
do not employ precisely the same language, they share common
elements. First and foremost, it is agreed that a consumer
debtor's ability to repay his debts out of future disposable income
is strong evidence of "substantial abuse". See Green, 934 F.2d at
572; Krohn, 886 F.2d at 126; Walton, 866 F.2d at 985; Kelly, 841
F.2d at 914-15; see also 6 Lawrence P. King, Collier on Bankruptcy 707.04[4], at 720 (15th ed. rev. 1998) ("The primary factor that
may indicate a substantial abuse is the ability of the debtor to
repay the debts out of future disposable income."). Kelly and
Walton focus primarily upon ability to repay, while Green and Krohnemphasize the need to consider the "totality of the circumstances." 
Krohn offers this test:
 In determining whether to apply 707(b) to an
 individual debtor, . . . a court should
 ascertain from the totality of the
 circumstances whether he is merely seeking an
 advantage over his creditors, or is "honest,"
 in the sense that his relationship with his
 creditors has been marked by essentially
 honorable and undeceptive dealings, and
 whether he is "needy" in the sense that his
 financial predicament warrants the discharge of
 his debts in exchange for liquidation of his
 assets. Substantial abuse can be predicated
 upon either lack of honesty or want of need.
 . . .
 Among the factors to be considered in
 deciding whether a debtor is needy is his
 ability to repay his debts out of future
 earnings. That factor alone may be sufficient
 to warrant dismissal. For example, a court
 would not be justified in concluding that a
 debtor is needy and worthy of discharge, where
 his disposable income permits liquidation of
 his consumer debts with relative ease. Other
 factors relevant to need include whether the
 debtor enjoys a stable source of future
 income, whether he is eligible for adjustments
 of his debts through Chapter 13 of the
 Bankruptcy Code, whether there are state
 remedies with the potential to ease his
 financial predicament, the degree of relief
 obtainable through private negotiations, and
 whether his expenses can be reduced
 significantly without depriving him of
 adequate food, clothing, shelter and other
 necessities.

Krohn, 886 F.2d at 126-27 (citations omitted). As described by
Krohn, the "totality of the circumstances" test demands a
comprehensive review of the debtor's current and potential
financial situation.
 We adopt the "totality of the circumstances" test largely
as it is described in Krohn. In so doing, we reject any per se
rules mandating dismissal for "substantial abuse" whenever the
debtor is able to repay his debt out of future disposable income,
or forbidding dismissal on that basis alone. Such strict
interpretations cannot be squared with the open-textured nature of
 707(b) and are inconsistent with 707(b)'s purpose of guiding,
not constraining, bankruptcy courts in the exercise of their
equitable discretion. We hold that a bankruptcy court may, but is
not required to, find "substantial abuse" if the debtor has an
ability to repay, in light of all of the circumstances.
 In sum, in assessing the totality of a debtor's
circumstances, courts should regard the debtor's ability to repay
out of future disposable income as the primary, but not necessarily
conclusive, factor of "substantial abuse." The factors recited in
Krohn should be regarded as a nonexclusive list of relevant
considerations.
B. Application of the Standard
 Applying the "totality of the circumstances" test to
Lamanna's case results in affirmance of the dismissal of his
Chapter 7 petition for "substantial abuse." Lamanna's schedules
showed that he has sufficient disposable income to repay his debts
under a Chapter 13 repayment plan in three to five years. There is
no evidence that Lamanna's living situation was unstable or likely
to change in the near future. There is no evidence of other
factors that cast doubt on the stability of Lamanna's future income
and expenses. Although Lamanna's expenses are particularly low
because he lives with his parents, this state of affairs, as the
BAP noted, "is not artificial; it is actual." The court properly
based its decision on the current and foreseeable facts. If
Lamanna's circumstances dramatically change, he is free to seek
relief anew.
 Lamanna's argument that the court penalized him for
living with his parents (and thus having exceptionally low monthly
expenses) boils down to the notion that 707 requires the
bankruptcy court to impute a minimum cost of living to a debtor and 
then measure the debtor's actual income against the higher of the
imputed minimum and the debtor's actual expenses. Section 707 does
not contain such an implicit requirement, and this court will not
write such a requirement into the statute.
 Finally, we reject Lamanna's argument that the court
imposed a "mechanically applied future income test" in determining
that allowing Lamanna's petition would constitute "substantial
abuse" of Chapter 7. The BAP's decision was not mechanical; it was
simply uncomplicated.
 III.
 We adopt the "totality of the circumstances" test as the
measure of "substantial abuse" under 707(b) in this circuit. 
Applying this test, we hold that the court correctly decided to
dismiss Lamanna's Chapter 7 petition. The decision is affirmed. 
Costs are awarded to the United States Trustee.