**In re Mary Catherine O'NEILL, Debtor.**

**No. 7–02–18586 MS.**

United States Bankruptcy Court, D. New Mexico.

Nov. 25, 2003.

Jo E. Shaw, Jr., Santa Fe, NM, for Mary Catherine O'Neill.

Leonard Martinez–Metzgar, Albuquerque, NM, for United States Trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

MARK B. MCFEELEY, Chief Judge.

THIS MATTER is before the Court on the Motion to Dismiss Under 11 U.S.C. § 707(b) ("Motion to Dismiss") filed by the United States Trustee (UST). The Court held a final hearing on the Motion to Dismiss on October 2, 2003, at which time the Court took the matter under advisement. The Debtor was represented by her counsel of record, Jo E. Shaw, Jr. Leonard Martinez–Metzgar represented the UST. The UST contends that the Debtor has sufficient disposable income with which to fund a Chapter 13 plan and has taken her obligations under the Bankruptcy Code too lightly, warranting dismissal of her Chapter 7 bankruptcy proceeding pursuant to 11 U.S.C. § 707(b).

After reviewing the Debtor's statements and schedules and considering the evidence and testimony admitted into evidence at the final hearing on the Motion to Dismiss, the Court finds that the Debtor's filing of a voluntary petition under Chapter 7 of the Bankruptcy Code does not constitute a substantial abuse of the provisions of that chapter sufficient to dismiss her proceeding in accordance with 11 U.S.C. § 707(b). The Court will, therefore, deny the Motion to Dismiss, and enter the following findings of fact and conclusions of law:

### Findings of Fact

1. Debtor filed her voluntary petition under Chapter 7 of the bankruptcy code on December 5, 2002.

2. Debtor's Schedule E lists nine credit card debts totaling $60,300.00. The total amount of unsecured debts reported on Schedule E is $61,050.00. Debtor has one secured creditor.

3. Debtor is employed as a school principal for the Raton Public Schools, a position she has held for the past ten years. Her current gross monthly income, as reported on Schedule I is $5,842.00. After payroll deductions for taxes, social security, and insurance premiums, Debtor's net monthly take-home pay as reported on her Schedule I is $3,624.52. Debtor generally receives annual salary increases of 3%, but other expenses, such as health insurance, have been increasing at a greater rate.

4. Debtor's monthly expenses reported on Schedule J total $4,439.00. However, this figure is inaccurate. Specifically, the monthly expense for life insurance in the amount of $25.00, and health insurance in the amount of $300.00 as reported on Schedule J are deducted from Debtor's wages, and were already accounted for on Debtor's Schedule I, resulting in an inflation of Debtor's expenses in the amount of $325.00 per month as reported on Schedule J. In addition, Debtor's Schedule J lists monthly automobile insurance in the amount of $100.00. However, UST's Ex-

hibit 7 reflects that Debtor's six month automobile insurance premium is $492.00, which would be a monthly expense of $82.00, not $100.00 as reported on Schedule J. After making adjustments to properly account for these expenses, Debtor's monthly expenses total $4,096.00. The UST also asserts that the expenses Debtor listed in the category "other" on Schedule J in the amount of $1,250.00 are for dischargeable credit card debts. Testimony on whether this expense is for pre-petition dischargeable credit card debt was not elicited from Debtor at trial.

5. The Debtor has two adult sons, ages 22 and 18, who live with her. Her oldest son is employed, but did not finish college. Her youngest son is a senior in high school and has two children of his own. He is not married. Debtor and the maternal grandmother help care for the two grandchildren. The maternal grandmother is currently unemployed. The oldest grandchild stays overnight with the Debtor most of the time. Debtor estimates that she spends between $100.00 and $200.00 per month on food, clothing and diapers for the grandchildren. Debtor continues to claim hear youngest son as a dependent on her tax returns, but does not claim her oldest son nor her grandchildren as dependents on her tax returns.

6. Debtor plans to pay for college tuition for her youngest son.

7. Prior to filing her petition for bankruptcy, Debtor attempted to repay her debts through a debt-consolidation service. From December 2001 through late 2002, Debtor made average monthly payments of $900.00 as part of this program. Ultimately, her attempt to consolidate and repay her debts through this program was unsuccessful.

### Conclusions of Law

1. Under 11 U.S.C. § 707(b), upon a motion by the United States Trustee, the bankruptcy court may dismiss an individual debtor's chapter 7 proceeding where the debts the debtor seeks to discharge are "primarily consumer debts" if discharging those debts "would be a substantial abuse of the provisions" of Chapter 7. 11 U.S.C. § 707(b).

2. The parties do not dispute that the debts the Debtor seeks to discharge in this bankruptcy proceeding are primarily consumer debts within the meaning of 11 U.S.C. § 707(b). At trial, Debtor testified that the credit card purchases were not for business purposes. *See In re Stewart*, 175 F.3d 796, 807 (10th Cir.1999)(discussing nature of consumer debts as debts not incurred with a profit motive).

3. The Bankruptcy Code does not define "substantial abuse," leaving interpretation of "substantial abuse" to the bankruptcy courts. *See In re Green*, 934 F.2d 568, 570–571 (4th Cir.1991) (discussing the enactment of § 707(b) and Congress' choice not to define "substantial abuse" with specificity); *see also First USA v. Lamanna (In re Lamanna)*, 153 F.3d 1, 4 (1st Cir.1998) ("With 'substantial abuse' lacking specific meaning, it has fallen to the courts to determine how 'substantial abuse' ought to be measured.").

4. *In re Stewart*, 175 F.3d 796 (10th Cir.1999) sets the standard within the Tenth Circuit for the bankruptcy court's consideration of motions to dismiss pursuant to 11 U.S.C. § 707(b), adopting a "totality of circumstances" test. *In re Stewart*, 175 F.3d 796, 809 (10th Cir.1999).

5. The debtor's ability to repay the debt is the primary factor to consider when determining whether dismissal is warranted pursuant to 11 U.S.C. § 707(b), but it is not the only one. *Stewart*, 175 F.3d at 809. In applying the "totality of circumstances" approach, the Court will

consider "other relevant or contributing factors [1], such as unique hardships," making its ultimate determination "on a case-by-case" basis. *Id.*

■ 6. Debtor's Schedule I and J indicate that Debtor has insufficient income to repay all her outstanding debts. After adjusting Schedule J for the payroll deductions accounted for in Schedule I, Debtor still has a current monthly shortfall. Even under the UST's analysis, at most, the Debtor would be able to pay 36% of her unsecured debts through a 36 month Chapter 13 plan. The Court finds that an ability to repay this amount, absent other indications of substantial abuse, is insufficient for dismissal under 11 U.S.C. § 707(b). *Cf.* 6 Collier on Bankruptcy ¶ 707.04[4] (Alan N. Resnick, Henry J. Sommer, eds., 15th ed. rev.2003) (suggesting that courts that found substantial abuse where payments are less than 100 percent ignore the legislative process leading to the enactment of § 707(b) which rejected proposals to require dismissal where a debtor could pay a "substantial" or "reasonable" portion of his debts). *See also Fonder v. U.S.*, 974 F.2d 996, 998 (8th Cir.1992) ("[M]ost bankruptcy courts equate the ability to fund a Chapter 13 plan with the ability to repay at least 50% of unsecured debts in three to five years.") (discussing bankruptcy court's application of § 707(b)).

7. Other relevant factors likewise do not suggest the presence of "substantial abuse." Although Debtor helps support her two adult sons and her two grandchildren, dependents she is not legally obligated to support, Debtor does not have an extravagant lifestyle. Her reported expenses are not excessive. Nothing in the Debtor's testimony leads the Court to conclude that she is not deserving of the fresh start afforded by the Bankruptcy Code. The discrepancies in the Debtor's schedules are troubling; however, the Court notes that it is equally incumbent upon counsel for the Debtor to carefully review the Debtor's statements and schedules prior to filing them with the Court as it is for the Debtor to provide complete and accurate information for inclusion on the bankruptcy petition, statements, and schedules.

■ As articulated by the Sixth Circuit,

[A] court should ascertain from the totality of circumstances whether [the debtor] is merely seeking an advantage over his creditors, or instead is "honest," in the sense that his relationship with his creditors has been marked by essentially honorable and undeceptive dealings, and whether he is "needy" in the sense that his financial predicament warrants the discharge of his debts in exchange for liquidation of his assets.

*In re Krohn,* 886 F.2d 123, 126 (6th Cir.1989) (citation omitted).

The evidence before the Court does not suggest that the Debtor has been dishonest or deceptive in dealing with her creditors. Her financial condition supports the finding that she is in need of financial relief. Therefore, based on the totality of circumstances in this proceeding, the Court concludes that granting the Debtor a discharge would not constitute a substantial abuse of the provisions of Chapter 7. Trustee's Motion to Dismiss will be denied.

---

**1.** Other factors noted in *Stewart* include (1) whether the debtor has suffered a sudden illness or calamity; (2) whether the debtor has obtained cash advances and consumer purchases far in excess of the debtor's ability to repay; (3) whether the debtor has excessive expenses; (4) whether the debtor has provided accurate and complete information on his or her *statements and schedules;* and (5) whether the debtor has acted in good faith. *Stewart,* 175 F.3d at 809 (citing *In re Green,* 934 F.2d 568, 572–73 (4th Cir.1991)).

These findings of fact and conclusions of law are entered in accordance with Rule 7052, Fed. R. Bankr.P. An appropriate order will be entered.