### In re Tommy Clyde RICHMOND and Nancy Artanzel Richmond, Debtors.

### Bankruptcy BK–92–12173–LN.

United States Bankruptcy Court,
W.D. Oklahoma.

Sept. 3, 1992.

**540**

Rick L. Denker, Oklahoma City, Okl., for debtors.

Charles E. Snyder, Mark B. Toffoli, Oklahoma City, Okl., for Office of the U.S. Trustee.

## ORDER ON MOTION TO DISMISS UNDER 11 U.S.C. § 707(b)

PAUL B. LINDSEY, Bankruptcy Judge.

On March 31, 1992, debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code.[1]  On June 12, 1992, the Office of the United States Trustee ("UST") filed a motion to dismiss pursuant to § 707(b) contending that granting relief to debtors would constitute a "substantial abuse" of Chapter 7.[2]  In support of its motion, UST recites that debtors' schedules list no priority debts, secured debts in the amount of $72,233.46, all of which debtors propose to reaffirm,[3] and unsecured debts in the amount of $19,525.12.[4]  UST further contends that the expenditures set out on debtors' schedule of current income and expenditures are excessive.[5]  UST additionally notes that debtors have scheduled disposable income in the amount of $187.74, and that by reducing their excessive scheduled expenditures, they would have at least an additional $300 in disposable income. UST argues that debtors could propose a Chapter 13 plan which would pay approximately 90 percent of their unsecured debts within 36 months.

On July 1, 1992, debtors filed an objection to UST's motion and requested a hearing on the matter.  On August 11, 1992, a hearing was held on this matter.

At the hearing, UST asserted its contentions as set forth above.  Debtors contend-

---

1. References herein to statutory provisions by section number only will be to provisions of the Bankruptcy Code, 11 U.S.C. §§ 101 et seq., unless the context requires otherwise.

2. Section 707(b) provides in pertinent part:

    (b) After notice and a hearing, the court, on its own motion or on a motion by the United States trustee ... may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor.

3. These debts are secured by debtors' home, furniture, a 1987 GMC truck, and a 1984 Redmond Mobile Home.

4. These debts include medical bills of approximately $140 and credit card bills of approximately $19,300.

5. UST asserts that although debtors have no dependents the schedule contains $400 for food; $75 for laundry and cleaning; $100 for medical and dental care and $200 for recreation.  UST contends that these items should be reduced to $300 for food; $50 for laundry and cleaning; $75 for medical and dental care and $50 for recreation.

ed that Mrs. Richmond had been ill and that debtors had a reduction or loss of income. Debtors also contended that they had not scheduled certain additional necessary expenditures, such as lawn care, cosmetics, hair care and other miscellaneous items. Debtors further asserted that they assist with the medical and clothing expenses for their seven grandchildren.

■ As is noted above, § 707(b) provides for the dismissal of a case if the granting of relief would be a substantial abuse of the provisions of Chapter 7. The Bankruptcy Code does not define "substantial abuse," but legislative history indicates that the purpose of § 707(b) was to stop the use of Chapter 7 relief for unneedy debtors. *In re Walton*, 866 F.2d 981, 983 (8th Cir.1989).

■ In deciding whether to apply § 707(b), it has been held that a court should decide from the totality of the circumstances whether a debtor is seeking an advantage over his creditors or whether he is "needy" in the sense that his financial situation authorizes a discharge for his debts. *In re Krohn*, 886 F.2d 123, 126 (6th Cir.1989). In making this determination, in addition to debtor's ability to repay his debts, other factors to be considered include; (1) whether the bankruptcy petition was filed because of a sudden illness, calamity, disability, or unemployment; (2) whether debtor incurred cash advances and made consumer purchases far in excess of his ability to repay; (3) whether debtor's proposed family budget is excessive or unreasonable; (4) whether debtor's schedules and statement of current income and expenses reasonably reflect the true financial condition; and (5) whether the petition was filed in good faith. *Green v. Staples (In re Green)*, 934 F.2d 568, 572 (4th Cir.1991).

In *United States Trustee v. Harris*, 960 F.2d 74 (8th Cir.1992), the court follows its earlier decision in *Walton, supra*, rejects the "totality of the circumstances" approach, and determines that the ability to fund a Chapter 13 plan can be sufficient reason to dismiss a Chapter 7 petition under § 707(b). In *Walton*, the court cited with approval the following language from *Zolg v. Kelly (In re Kelly)*, 841 F.2d 908, 914 (9th Cir.1988):

> [T]he debtor's ability to pay his debts when due as determined by his ability to fund a chapter 13 plan is the primary factor to be considered in determining whether granting relief would be substantial abuse.... We find this approach fully in keeping with Contress's intent in enacting section 707(b).... This is not to say that inability to pay will shield a debtor from section 707(b) dismissal where bad faith is otherwise shown. But a finding that a debtor is able to pay his debts, standing alone, supports a conclusion of substantial abuse.

*Walton*, 866 F.2d at 984–85.

The *Harris* court concludes its analysis of the proper approach to the substantial abuse determination with the following:

> Although *Walton* stated that "the court may take the petitioner's good faith and unique hardships into consideration under section 707(b)," 866 F.2d at 983, that statement does not contemplate the sweeping and free ranging inquiry that the Fourth Circuit apparently required in *Green*. Indeed, we think that our narrower standard for determining "substantial abuse" in Walton, following the 9th Circuit *Kelly* decision, comports more with the Congressional purpose in § 707(b) than the 4th Circuit's broader standard in *Green*.

*Harris*, 960 F.2d at 77.

The issue of what standard is appropriate in determining "substantial abuse" under § 707(b) has not been addressed by the Tenth Circuit. This court has reviewed the decisions of the courts of appeals in *Kelly, Walton, Green, Harris*, and *Krohn* (in which the court, although calling for a review of the totality of the circumstances, stated that the ability of debtor to repay his debts out of future earnings, standing alone, may be sufficient to warrant dismissal).

■ The court has also reviewed what little legislative history accompanied the enactment of § 707(b) in 1984 and its

amendment in 1986 (to authorize the filing of motions by the United States Trustee). This court is fully cognizant of the harshness of the remedy provided by § 707(b). This court is nevertheless of the opinion that a determination that a Chapter 7 debtor has the ability out of future income to repay all or a substantial portion of his debts, standing alone, may support dismissal for substantial abuse under § 707(b).

The court in *Walton*, rejected, as a "cramped interpretation," a suggestion that it equate "substantial abuse" with "bad faith." Such an interpretation, it said, "would drastically reduce the bankruptcy courts' ability to dismiss cases filed by debtors who are not dishonest, but who also are not needy." *Walton*, 866 F.2d at 983. *See Harris*, 960 F.2d at 76. This court is in agreement with the *Walton* court's analysis and decision on this issue.

■ This court is of the opinion that debtors have the ability to repay a substantial portion of their unsecured debts out of future earnings. The court therefore concludes that the granting of relief in the form of a Chapter 7 discharge would be a substantial abuse of the provisions of that chapter.

In this case, dismissal under § 707(b) would be appropriate under virtually any rational analysis. Each of the considerations enumerated in the decided cases as being within the "totality of the circumstances" [6] would, if subjected to analysis in this case, militate against granting Chapter 7 relief to debtors. In reaching this conclusion, the court has carefully considered the presumption contained within § 707(b) in favor of granting the relief sought by debtor.

Debtors' schedules list only minimal medical bills, and although debtors asserted that Mrs. Richmond was ill, there is no evidence of any sudden or extended illness.

Mr. and Mrs. Richmond have been employed with the same substantial employer for 24 and 8 years, respectively.

The magnitude of the credit card debt scheduled by debtors is sufficient to warrant a determination that they knew, or should have known, of their inability to repay the debts when they were incurred.

The debtors' schedule of current income and expenditures contains excessive prospective expenditures which, at least in part, apparently relate to their voluntary contributions to the support of their grandchildren and to the operation, maintenance and upkeep of the motor home which they propose to retain. This court does not believe that debtors' unsecured creditors should be required to contribute to the voluntary support of family members who are not dependents of debtors, or to in effect pay the expenses of debtors' recreational vehicle.

Cumulatively, the application of the foregoing factors calls into question whether debtors' petition was filed in good faith.

Based upon the foregoing, this court is of the opinion that the motion to dismiss under § 707(b), filed herein by the United States Trustee, should be granted, and the case dismissed.

IT IS SO ORDERED.

---

**6.** See enumeration of such considerations, as set out in *Green, infra.*