**In re Felipe HIGUERA, Debtor.**

**Bankruptcy No. 96–10993–BH.**

United States Bankruptcy Court,
W.D. Oklahoma.

Aug. 13, 1996.

Mark B. Toffoli, Oklahoma City, Oklahoma, for Office of Assistant United States Trustee.

Debby Walden, Midwest City, Oklahoma, for debtor.

### MEMORANDUM OF DECISION AND ORDER DENYING THE UNITED STATES TRUSTEE'S MOTION TO DISMISS

RICHARD L. BOHANON, Bankruptcy Judge.

The United States Trustee has moved to dismiss the debtor's petition under section 707(b) of the Bankruptcy Code which provides that the court must dismiss a chapter 7 petition if it finds the debts are "primarily consumer debts" and that "the granting of relief would be a *substantial abuse* of the provisions" of Chapter 7. (Emphasis supplied). The parties do not dispute that this is a consumer case. The only issue is whether substantial abuse exists, and I conclude it does not.

The relevant facts are undisputed. The debtor is in the United States Air Force and is soon to be transferred to Europe. He was recently divorced and his schedules reflect almost $25,000 in unsecured debt and a debt of some $95,000 secured by the home which he purchased before the marriage. The debtor is the sole maker of the note. In the divorce decree, the home was awarded to the debtor's former wife, and she was ordered to pay the mortgage note. She defaulted, and the bank has notified the debtor of its intent to foreclose. The decree of divorce also ordered the debtor to assume all the unsecured debt.

The evidence shows that, after ordinary payroll deductions, the debtor receives about $2,000 per month and his living expenses are approximately $1,000. The trustee maintains that with this amount of net disposable in-

come the debtor could successfully fund a chapter 13 plan. He seeks dismissal arguing that, standing alone, the debtor's ability to pay a significant part of his debts out of future earnings constitutes substantial abuse. The debtor's response is that the court should not restrict itself to considering only the ability to pay creditors out of future income, and raises other factors such as the collapse of a two income marriage and the attendant circumstances in which he now finds himself.

■ The term "substantial abuse" is not defined in the Bankruptcy Code. Accordingly, the court must look to the cases interpreting the term, the legislative history and dictionaries and treatises. Neither the Supreme Court nor the Court of Appeals for the Tenth Circuit has addressed the question of what constitutes substantial abuse. The term is obviously discreet, making judicial interpretation necessary. As noted by this court in *In re Horwitz,* 167 B.R. 237, 241 (Bankr.W.D.Okla.1994):

> [o]nce the absolute requirements have been satisfied, the decision ... is placed squarely within the discretion of the judges and encompasses all their intrinsic perceptions of fairness and equity. Application of this discretion requires the judge to weigh objective factors such as the facts as found, the totality of the circumstances of the case, interplay with other statutes, precedents, reliable legislative history, treatises and statements of scholars.

In interpreting substantial abuse, courts have employed one of two tests—the "ability to pay test" or "the totality of circumstances test." At first glance these tests appear mutually exclusive, however, the totality of circumstances test incorporates ability to pay as one of many factors constituting substantial abuse.

■ The ability to pay test adopts the view that "a debtor's ability to pay his debts will, without more, justify a section 707(b) dismissal." *In re Kelly,* 841 F.2d 908, 914 (9th Cir.1988); *In re Walton,* 866 F.2d 981, 985 (8th Cir.1989) (citing *Kelly* at 914–915); *United States Trustee v. Harris,* 960 F.2d 74, 76 (8th Cir.1992) (citing *Kelly* at 914–915). These cases are often cited for the proposition that the ability to pay, standing alone, is justification for dismissal under section 707(b). However, many of the cases adopting the ability to pay test include fact circumstances that show some egregious conduct on the part of the debtor.[1]

The only case in this district addressing the applicable test for substantial abuse is *In re Richmond,* 144 B.R. 539 (Bankr.W.D.Okla. 1992). There the court appeared to approve the ability to pay test, relying upon *Kelly, Walton,* and *Harris. Richmond* holds that the debtor's ability to "repay all or a substantial portion of his debts, standing alone, *may* support dismissal for substantial abuse under § 707(b)." *Id.* at 542. (Emphasis supplied). Use of the term "may" suggests that ability to pay is not the only criterion in determining whether or not substantial abuse exists. In *Richmond, Kelly* and *Walton,* circumstances existed which would have justified dismissal under the totality of circumstances test. *Richmond* says:

> In this case, dismissal under § 707(b) would be appropriate under virtually any rational analysis. Each of the considerations enumerated in the decided cases as being within the "totality of the circumstances" would, if subjected to analysis in this case, militate against granting chapter 7 relief to the debtors.

144 B.R. at 542.

The Bankruptcy Court for the Northern District of Oklahoma has had the opportunity in three published decisions to determine which test should be applied. In each case the court found that the totality of circumstances test should be used. *In re Goodson,* 130 B.R. 897, 901 (Bankr.N.D.Okla.1991)

---

1. For example, the facts in *Kelly* are far removed from the present case. In *Kelly,* the debtors were lawyers seeking to discharge a state court judgment against them for punitive damages for fraud and breach of contract. Among other evidence of abuse was that before filing, all but one of the unsecured creditors were paid off and after the petition was filed, one of the debtors sold his entire interest in his law practice for $100. *Walton* also notes that "the court may take the petitioners good faith and unique hardships into consideration under § 707(b)." 866 F.2d at 983.

(while all factors are to be taken together in determining dismissal, the court found "main factor" is whether the debtor misrepresented his financial position); *In re Cook,* 110 B.R. 544, 548 (Bankr.N.D.Okla.1990) (holding both sufficient income to pay debts and lack of calamity justifying dismissal); *In re Higginbotham,* 111 B.R. 955, 964 (Bankr. N.D.Okla.1990) (debtors' ability to repay some part of their debts does not, per se, bar them from chapter 7.)

In each case, the debtor's petition was dismissed. This demonstrates that the totality of circumstances test is not employed to shelter debtors, but is simply the more reasonable standard.

■ In the totality of circumstances test, the ability to pay is but one of many factors to be taken into consideration. Such additional mitigating factors may include:

1) whether the debtor has exhibited good faith and candor in filing schedules and other documents;

2) whether the debtor was forced into bankruptcy by unforeseen or catastrophic events;

3) the debtor's purpose in filing the petition;

4) the existence of false statements or omissions regarding the debtors financial condition;

5) whether the debtor's budget is excessive to the degree that it will perpetuate an exorbitant lifestyle at the expense of creditors;

6) whether the debtor has suffered any unique hardship;

7) existence of eve of bankruptcy purchases or other transactions;

8) whether the debtor made purchases far in excess of ability to repay;

*See e.g., In re Krohn,* 886 F.2d 123 (6th Cir.1989); *In re Booth,* 858 F.2d 1051 (5th Cir.1988); *In re Grant,* 51 B.R. 385 (Bankr. N.D.Ohio 1985); *In re Christie,* 172 B.R. 233 (Bankr.N.D.Ohio 1994); *In re Bacco,* 160 B.R. 283 (Bankr.W.D.Pa.1993); *In re Keniston,* 85 B.R. 202 (Bankr.D.N.H.1988); *Matter of Antal,* 85 B.R. 838, 839 n. 3 (Bankr. W.D.Mo.1988) (holding that section 541(a)(6) exempts future earnings from the property of chapter 7 estate, thus ability to pay may not be considered).

The ability to pay test also is contrary to the directive of section 541(a)(6) which specifically excludes future earnings from the bankruptcy estate. It provides:

(a) The commencement of a case under § 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held ... (6) Proceeds, product, offspring, rents, or profits of or from property of the estate, *except such as are earnings from services performed by an individual debtor after the commencement of the case.* (Emphasis supplied).

In the present case, ability to pay is the only factor that may militate in favor of substantial abuse. I conclude that this factor, standing alone, is not sufficient to support dismissal. This debtor filed his petition due to a divorce which left him in the unique position of being without the home that was his separate property and with all the debt that was incurred during the marriage. The debtor does not seek to live an exorbitant lifestyle, nor is there any proof has he made any misrepresentations in documents filed with this court. There has been no allegation that he has made any eve of bankruptcy purchases or transactions in an effort to deceive creditors. The debt was incurred in the belief that the two incomes of the debtor and his former spouse would be available to satisfy the obligations.

As further support that the ability to pay test should not be the only criterion in deciding whether substantial abuse exists the court should look to the plain meaning and common understanding of the term "substantial abuse". *See e.g., In re Horwitz,* 167 B.R. 237 (Bankr.W.D.Okla.1994); *In re Brollier,* 165 B.R. 286 (Bankr.Okla.1994); *In re Bryant,* 47 B.R. 21, 24 (Bankr.W.D.N.C.1984) (court stating that "substantial abuse" should be given its "ordinary, plain meaning").

*The Oxford English Dictionary* defines substantial as "belonging to or involving essential right, or the merits of the matter"; "of ample or considerable amount, quantity, or dimensions". In the bankruptcy context

the merit of the matter is that the honest debtor is entitled to a fresh start.

■ *Webster's Third New International Dictionary, Unabridged* defines abuse as "application to a wrong or bad purpose; a deceitful act; maltreatment or ill usage". When considering the true meaning of the words "substantial" and "abuse" it becomes evident that when used together, the term demonstrates that evidence of some fundamental deceit or bad faith on the part of the debtor must exist to warrant dismissal under section 707(b). The totality of circumstances test reasonably takes into consideration the existence of such necessary additional evidence. The ability to pay test does not.

The legislative history of section 707(b) demonstrates that Congress was divided in trying to decide what language to use. Early versions contained a specific formula for determining the point at which a debtor's ability to pay some debts would preclude chapter 7 relief. The formula was replaced by the undefined phrase "substantial abuse". *See e.g., In re Walton,* 866 F.2d 981, 983 (8th Cir.1989); Epstein, Nickles, & White, 2 *Bankruptcy,* Section 7–45, at 437. Congress refused to specify that the ability to pay debts from future income warrants dismissal; rather Congress left it to the courts to decide, on a case by case basis, what constitutes substantial abuse. The legislative history specifically says:

> This section [707(b) ] does not contemplate, however, that the ability of the debtor to repay his debts in whole or in part constitutes adequate cause for dismissal. To permit dismissal on that ground would be to enact a non-uniform mandatory chapter 13, in lieu of the remedy of bankruptcy.

*U.S.Code Cong. & Admin.News 1978,* pp. 5880, 6336.

To the extent that *Kelly* and its progeny ignore all factors other than the ability to pay, this court rejects it as being too simplistic; inconsistent with the common understanding of the term substantial abuse; and contrary to the fundamental principle behind bankruptcy law that an honest debtor is entitled to a fresh start. As stated in *In re Green,* 934 F.2d 568, 572–573 (4th Cir.1991):

> [A] totality of the circumstances analysis is much to be preferred to the application of a *per se* rule not only because it better accords with what we know of Congressional thinking surrounding the adoption of Section 707(b) but also because it is consistent with the statutory presumption in favor of granting the relief requested by the debtor.

In addition to case law and the ordinary, plain meaning of the term, it is important to note the last sentence of section 707(b) states "[t]here shall be a presumption in favor of granting the relief requested by the debtor."

> "... the presumption is in reality a caution and a reminder to the bankruptcy court that the Code and Congress favor the granting of bankruptcy relief, and that accordingly the court should give the benefit of any doubt to the debtor and dismiss a case only when when a substantial abuse is *clearly* present." (Emphasis supplied.)

*In re Kelly,* 841 F.2d 908, 917 (9th Cir.1988) (quoting 4 *Collier on Bankruptcy,* ¶ 707.08). *See also In re Farrell,* 150 B.R. 116, 118 (Bankr.D.N.J.1992) (U.S. Trustee seeking dismissal bears burden of overcoming strong presumption in favor of granting discharge); *Matter of Woodhall,* 104 B.R. 544, 545 (Bankr.M.D.Ga.1989) (moving party shoulders burden to prove substantial abuse).

In this case, the presumption is not an actual inference of one fact from the establishment of a basic fact, but rather a policy goal established by Congress that allows the court to use its discretion in applying section 707(b). Charles Alan Wright & Kenneth W. Graham, Jr., 21 *Federal Practice and Procedure,* section 5124 at 589 (1977), notes that in this context, a presumption is a "way of stating that the burden of proof is on the prosecution to prove the defendant guilty." Applied to this case, this language means that the United States Trustee has the burden of proving substantial abuse under section 707(b). I conclude his evidence is insufficient to overcome the presumption in favor of the debtor.

■ Having reviewed the Bankruptcy Code, the legislative history, the principles of statutory construction, the rationale of the

cases construing the term "substantial abuse", and considering the goal of the Bankruptcy Code to give financially troubled individuals a fresh start, this court adopts the totality of the circumstances test as the appropriate analysis in determining whether substantial abuse exists. This test represents a reasonable compromise in balancing the goal of the Bankruptcy Code to provide the honest debtor a fresh start while at the same time preventing deceit and punishing bad faith. A rigid test such as the ability to pay will not reasonably balance these competing interests. In order for a debtor's petition to be dismissed for substantial abuse, there must exist some egregious conduct, bad faith, overreaching, unjust enrichment, or substantial profit on the part of the debtor.

Applying the totality of circumstances test to the facts in this case, and in consideration of the presumption in favor of granting relief to the debtor, I conclude no substantial abuse exists.

Accordingly, the United States Trustee's motion is denied.